**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SEAN STEPHENS and LINDA STEPHENS, ) | |
| ) | Case No. 15-cv-9702 |
| Plaintiffs, ) | |
| ) | Judge Robert M. Dow, Jr. |
| CAPITAL ONE, N.A., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Capital One, N.A.'s motion to dismiss [16]. For the reasons set forth below, Defendant's motion [16] is granted in part and denied in part. This case is set for further status on September 21, 2016, at 9:00 a.m to discuss whether Plaintiff seeks to pursue an amended complaint.

**I.   Background**

The Court accepts as true the facts alleged in Plaintiffs' complaint and makes all reasonable inferences in their favor. See *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012). On July 31, 2007, Plaintiffs entered into an adjustable rate mortgage to purchase the property at 741 Hillside Avenue, Elmhurst, Illinois 60126 (the "Property"). The lender was ING Bank, FSB, predecessor-in-interest to Capital One ("Defendant"). On December 12, 2013, Defendant filed a foreclosure complaint alleging that Plaintiffs had missed payments from April 1, 2013 through June 30, 2013. However, due to a mistake by Defendant, Plaintiffs made multiple overpayments on the mortgage. Defendant communicated this mistake to Plaintiffs in a letter dated September 4, 2014. [1-1] at 26. Consequently, the mortgage was not in default during this period.

Plaintiffs' account was credited $8,673.21 towards the April 1, 2013 through June 30, 2013 payments and $2,845.81 towards the principal balance. *Id.* The parties then engaged in negotiations regarding a potential loan modification, yet were unsuccessful. On July 30, 2015, Defendant voluntarily dismissed its Complaint. [1-1] at 27-34.

On September 29, 2015, Plaintiffs filed the instant lawsuit [1-1] against Defendant in the Circuit Court for the 18th Judicial District in DuPage County, Illinois (Case No. 2015L000924). The complaint ("Complaint") alleges the following seven counts: wrongful foreclosure based on mistake (Count I), breach of contract (Count II), violations of § 5(a) of the Federal Trade Commission Act ("FTC"), 15 U.S.C. §45(a) (Count III), violations of §623(a)(1)(A) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a) (Count IV), violations of § 807 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e (Count V), violations of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq.* (Count VI), and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f)(1)(A) (Count VII). On October 30, 2015, Defendant removed [1] the instant lawsuit, pursuant to 28 U.S.C. §§ 1441 and 1446, from the 18th Judicial District, DuPage County, Illinois to this Court.

On December 10, 2015, Defendant filed a motion [16] to dismiss six of the seven counts (all but Count V) alleged in the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Counts I, II, III, IV, VI, and VII must be dismissed for the following reasons: (1) the cause of action for "wrongful foreclosure" does not exist; (2) Plaintiffs' non-performance necessitates dismissal of breach of contract claim; (3) there is no private right of action under the FTC act; (4) there is no private right of action for furnishing inaccurate information under the FCRA; and (5) Plaintiffs fail to state a claim for a violation of both ICFA and RESPA. In response to Defendant's motion to dismiss, Plaintiffs voluntarily dismissed

Counts I, III, and IV on January 15, 2016. [17] at 1. The remaining counts at issue in Defendant's motion to dismiss are Counts II, VI, and VII. Plaintiffs ask the Court to deny Defendant's motion to dismiss or, in the alternative, to grant leave to file an amended complaint.[1]

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

## III. Analysis

---

[1] The Court notes at the outset that Plaintiffs claim that the Court has subject matter jurisdiction over Counts III, IV, V, and VII under 28 U.S.C. § 1331. However, with the voluntarily dismissal of Counts I, III, and IV, the only claims that remain are Count II, V, VI, and VII. As it stands, The Court has jurisdiction over Counts V and VII under 28 U.S.C. § 1331 and supplemental jurisdiction over Counts II and VI under 28 U.S.C. § 1367(a).

### A.  Count VII (RESPA)

Count VII alleges a violation of 12 C.F.R. § 1024.41(f), a federal regulation pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f)(1)(A), which states the following: "A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless: (i) A borrower's mortgage loan obligation is more than 120 days delinquent * * * *" Plaintiffs' complaint alleges a violation of 12 C.F.R. § 1024.41(f) based on the claim that from April 1, 2013 through June 30, 2013 Plaintiffs were not in default.  This allegation stems from Defendant filing a foreclosure complaint against Plaintiffs on December 12, 2013.  Defendant argues that Plaintiffs have failed to make any claim that Plaintiffs were in default for less than 120 days.  Furthermore, Defendant asserts that Plaintiffs have failed to adequately allege actual damages and that Plaintiffs' RESPA claim is not ripe.  In response, Plaintiffs claim that it is "inexcusable" for Defendant to claim that the foreclosure complaint was proper and just because Plaintiffs allegedly stopped making their payments post-June 30, 2013.  [17] at 6.

#### 1.  RESPA, 12 C.F.R. § 1024.41

In ¶ 12 of the complaint, Plaintiffs claim that the mortgage was not in default from April 1, 2013 through June 30, 2013.  The mortgage foreclosure complaint was filed on December 12, 2013.  From June 30, 2013 until December 12, 2013, 164 days passed.  In order to comply with 12 C.F.R. § 1024.41(f)(1), "a servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless a borrower's mortgage loan obligation is more than 120 days delinquent * * * *"  The lapse in time presented here exceeds the statutory minimum laid out in 1024.41(f)(1).

4

Plaintiffs fail to allege any claim that they were in default for less than 120 days when Defendant filed the foreclosure complaint on December 12, 2013. Although detailed factual allegations are unnecessary, the complaint must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is true that after the December 2013 complaint was filed, Defendant realized a mistake regarding the interest rates that admittedly allowed Plaintiffs to avoid defaulting on the loan during the April, 2013 – June, 2013 period. This mistake was communicated in a letter from Defendant to Plaintiffs on September 4, 2014. [1-1] at 26. However, the fact that Plaintiffs were not in default as of June 30, 2013 does not exclude the possibility of a later default that could meet RESPA's 120-day delinquency requirement. While Plaintiffs argue that 12 C.F.R. § 1024.41(f) has been violated, no facts have been provided that would allow the Court to draw any inferences that the mortgage was not more than 120 days in default at the time that the foreclosure complaint was filed. Accordingly, the Court finds that Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6).

### 2. Actual Damages under RESPA

Defendant also claims that Plaintiffs fail to adequately allege actual damages. [16] at 8. Under Federal Rule of Civil Procedure 8(a)(3), a pleading must contain a demand for relief sought. Plaintiffs respond that relief sought was sufficiently pled in ¶¶ 13 - 15 of the complaint. [17] at 7-8.

Under § 6 of RESPA, 12 U.S.C. § 2605(f), a plaintiff's demand for relief is limited to damages that are derived from any violations of *actual damages* and the borrower's costs and attorneys fees. However, the requirement of actual damages does not confine a plaintiff to pecuniary losses only. See *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011);

*Hrubec v. Nat'l R.R. Corp.*, 829 F. Supp. 1502, 1505 (N.D. Ill. 1993). If properly stated in the complaint, non-pecuniary damages are available as actual damages under RESPA because of the statute's purpose as a consumer protection statute. See *Ploog v. HomeSide Lending, Inc.*, 209 F. Supp. 2d 863, 870 (N.D. Ill. 2002); *cf. Konieczka v. Wachovia Mortg. Corp.*, 2012 WL 1049910, at *4 (N.D. Ill. Mar. 28, 2012) (quoting *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 881 (7th Cir. 2001) (holding that because Plaintiffs did not allege a pecuniary loss, Plaintiffs had consequently not pled actual damages sufficient to raise the possibility of relief above the speculative level)); *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092 (E.D. Cal. 2010) ("Although [§ 2605(f)] does not explicitly make a showing of damages part of the pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim.") (quoting *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d. 1089, 1097 (N.D. Cal. 2009)).

Additionally, when basing a claim on actual damages, the plaintiff has the responsibility to set forth a causal link between the defendant's violation and the plaintiff's injuries. *McLean v. GMAC Mortg. Corp.*, 398 Fed. Appx. 467, 471 (11th Cir. 2010); *Straker v. Deutsche Bank Nat'l Trust*, 2012 WL 7829989, at *11 (M.D. Pa. Apr. 26, 2012); *Gorbaty v. Wells Fargo Bank, N.A.*, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012) ("A plaintiff seeking actual damages under § 2605 must allege that the damages were proximately caused by the defendant's violation of RESPA.") In sum, failing to plead actual damages is fatal to a RESPA claim. *Konieczka v. Wachovia Mortg. Corp.*, 2012 WL 1049910 at *4 (N.D. Ill. Mar. 28, 2012). This fatality occurs when a court is unable to find an allegation of actual damages causally connected to the alleged RESPA violation.

Plaintiffs cite *Johnstone v. Bank of America*, 173 F. Supp. 2d 809 (N.D. Ill. 2001), claiming that § 2605(f) allows a plaintiff to recover for time spent attempting to resolve issues raised by a wrongfully filed foreclosure action and for their inconvenience. *Johnstone*, 173 F. Supp. at 816. In *Johnstone*, the court held that the plaintiff had stated a claim for actual damages under 12 U.S.C. § 2605(f), "…with regard to mental anguish, late fees, the foreclosure, and her time spent on the case." *Id.* at 817. However, the complaint in *Johnstone* concretely alleged a causal connection between the defendant's alleged RESPA violation:

> *As a result of Bank of America violating § 2605(e)* by (1) failing to correct her problem within 60 days and (2) reporting plaintiff as delinquent to a credit bureau or bureaus within 60 days from receiving Ms. Johnstone's letter which disputed the amount of the debt. *Ms. Johnstone has … (3) has paid late fees; (4) Bank of America has foreclosed on her property*, which seeks attorney fees.

*Id.* at 814 (emphasis added).

When determining whether a plaintiff has plausibly alleged actual damages, the Court draws all reasonable inferences in Plaintiffs' favor for the purpose of this motion. However, in ¶¶ 13-15, Plaintiffs fail to state how the alleged RESPA violation was causally connected to the claimed actual damages.

Furthermore, in ¶ 13 of the complaint, Plaintiffs fail to make any claim that could allow the Court to make an inference that Defendant's pursuit of foreclosure was in violation of RESPA. Section 13 merely states that Defendant "continued its pursuit of foreclosure while simultaneously engaging the Stephens in loan modification review." [1-1] at ¶ 13. The Court is unable to draw any inference in Plaintiffs' favor that this conduct is connected to a RESPA violation or that there are any actual damages alleged. In ¶ 14, the complaint simply states that "…[Defendant] voluntarily dismissed its Complaint on July 30, 2015." [1-1] at ¶ 14. Here, there are no actual damages that could be inferred nor any alleged RESPA violation that could be

7

inferred to have been causally connected to any actual damages. In ¶ 15, the complaint states, "To date, Capital One has not corrected the Mortgage to remove late fees, attorneys fees, and foreclosure fees for its wrongful foreclosure. Nor has Capital One removed the negative reporting to the credit bureaus." [1-1] at ¶ 15. Plaintiffs fail to show how not removing any late, attorney, or foreclosure fees equate to actual damages causally connected to and based upon a violation of RESPA.

Consequently, Plaintiffs' complaint lacks any claim of actual damages under RESPA. While non-pecuniary damages (like those plaintiff claims are stated in ¶¶ 13 - 15) can be recovered if they are actual damages that are causally connected to an alleged RESPA violation, Plaintiffs have failed to adequately allege such damages.

### 3. Ripeness

Defendant argues that Plaintiffs' RESPA claim is not ripe due to Defendant's voluntary dismissal of the original foreclosure complaint and the fact that foreclosure of Plaintiffs' home is still a future possibility. Ripeness is a justiciability doctrine derived from "Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (quoting *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 53 (1993)); see *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1002 (7th Cir. 2004). The Supreme Court has held that a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). Despite Defendant requesting dismissal under Fed. R. Civ. P. 12(b)(6), the issue of ripeness is a question of subject matter jurisdiction, and best analyzed under Rule 12(b)(1). See *Union Tank Car Co. v. Aerojet-General Corp.*, 2005 WL 2405802 at *2 (N.D. Ill. Sept. 27, 2005). Under 12(b)(1) analysis, the

Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor." *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

As Plaintiffs' response clarifies, Defendant fails to cite authority that illustrates 12 C.F.R. § 1024.41(a) has a requirement of losing property in order to be deemed ripe. The Court therefore finds no requirement. Under 12 U.S.C. § 2605(f), damage occurs when a party fails to comply with any provision of RESPA. There is no text that indicates the taking of property is the only way to fail to comply with any of RESPA's provisions. Additionally, "the express terms of RESPA clearly indicate that [RESPA] is, in fact, a consumer protection statute." *Johnstone*, 173 F. Supp. 2d at 816. Numerous courts have held that "consumer protection statutes are to be interpreted broadly in order to give effect to their remedial purposes." *Katz v. Dime Sav. Bank, FSB*, 992 F. Supp. at 255-56. Therefore, the Court concludes that the taking of property is not required for Plaintiffs' claimed violation of RESPA to be ripe.

**B.     Count II (Breach of Contract)**

Plaintiffs claim that Defendant materially breached the mortgage contract with Plaintiffs when Defendant prematurely accelerated the Interest Only Adjustable Rate Note (the "Note") and this breach effectively released Plaintiffs from their contractual obligation. See [1-1] at 52 (showing the actual Note acceleration provision in the contract between Plaintiffs and Defendant). Defendant contends that Plaintiffs have failed to allege that Plaintiffs themselves in fact performed (*i.e.*, paid requisite payments under the mortgage contract). Plaintiffs respond that they pled sufficient facts in Count II that would allow the Court to "reasonably infer that the Stephens made each of their payments for April 1, 2013 through June 30, 2013" and that a

9

"failure to allege that they made each of their payments under the mortgage since June 30, 2013 also does not warrant dismissal of Count II." [17] at 3.

Plaintiffs properly allege that they performed their obligations under the mortgage during the April 1, 2013 through June 30, 2013 period. However, Plaintiffs' claim offers no allegations regarding the period following June 30, 2013. The complaint is void of any factual allegations concerning that period other than the conclusory assertion in ¶ 24 that the mortgage note was accelerated "without a proper basis to do so." "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 554 at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. Consequently, the Court concludes, pursuant to Fed. R. Civ. P. 12(b)(6), that Plaintiffs have failed to state a claim under Count II for which relief can be granted.

### C. Count VI (ICFA)

To state a claim under the Illinois Consumer Fraud Act ("ICFA"), Plaintiffs "must allege five elements: (1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) the damages were proximately caused by the defendant's deception." *Blankenship v. Pushpin Holdings, LLC*, 2016 WL 212933, at *2 (N.D. Ill. Jan. 19, 2016); *Parkside at Kilani, LLC v. Tremont Realty Capital*, 2015 WL 1515483, at *13 (Ill. App. Ct. Mar. 31, 2015).

In Plaintiffs' complaint, Plaintiffs assert Defendant committed "unfair *and/or* deceptive acts declared unlawful under § 2 of the ICFA. [1-1] at 10 (emphasis added). A complaint alleging violation of the ICFA based on fraud or deception must satisfy the heightened pleading

10

requirements of Rule 9(b). *Bartucci v. Wells Fargo Bank N.A.*, 2015 WL 6955482, at *5 (N.D. Ill. Nov. 10, 2015). Under 9(b), the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires the complaint specifically alleging the "who, what, when, where, and how" of the alleged deceptive conduct. *Bartucci*, 2015 WL 6955482 at *5 (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011)).

Admittedly, a plaintiff may allege that conduct is unfair under the ICFA without alleging that the conduct is deceptive. If the plaintiff alleges unfair conduct, the complaint "need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Serv.*, 536 F.3d 663, 670 (7th Cir. 2008) (reversing the district court after it had erroneously dismissed an ICFA claim under a heightened pleading standard). This standard requires Plaintiffs' complaint to only provide "a short and plain statement of the [unfair practice] claim showing that [Plaintiffs] [are] entitled to relief." Fed. R. Civ. P. 8(a)(2).

A defendant has acted unfairly if its practice: (1) offends public policy; (2) is immoral, unethical, oppressive or unscrupulous; or (3) causes substantial injury to consumers. *Bartucci*, 2015 WL 6955482 at *5 (citing *F.T.C. v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972). All three criteria need not be met for a practice to be deemed unfair. See *Miner v. Gov. Payment Serv., Inc.*, 2015 WL 3528242, at *7 (N.D. Ill. June 4, 2015); see also *Batson v. Live Nation Entertainment, Inc.*, 746 F.3d 827, 830 (7th Cir. 2014) ("Illinois recognizes the *Sperry* test, and so we too will use it as our point of departure."). In essence, if one of the three factors is not alleged, the remaining factors must be alleged to an even greater extent. *Rodriguez v. Chase Home Finance, LLC*, 2011 WL 5076346, at *4 (N.D. Ill. Oct. 25, 2011). As for the first

factor, Plaintiffs do not allege that Defendant violated public policy when it represented that Plaintiffs' debts were valid. This leaves the remaining two factors at issue.

In regards to the second factor, Plaintiffs admit that the complaint lacks specific allegations that Defendant conduct was "immoral, unethical, oppressive, or unscrupulous." Yet such specific allegations are not required. *Windy City Metal*, 546 F.3d at 672 (holding that plaintiffs had adequately stated a claim for relief despite not specifically using the words "immoral, unethical, oppressive, or unscrupulous" in the complaint.). The Court finds that Count VI of the complaint has alleged facts that, if proven, make relief more than merely speculative. Plaintiffs' complaint specifically alleges Defendants represented that Plaintiffs' debts were valid despite Plaintiffs disputing the validity or accuracy of the alleged debt. [1-1] at 10. Furthermore, the complaint alleges that Defendant failed to review information substantiating the accuracy of the debt. [1-1] at 10. If proven, the only reasonable alternatives for Plaintiffs were to pay inflated payments or risk losing their property.

Regarding the third factor, "a practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has the potential to cause injury to a large number of consumers." *Wilson v. Harris N.A.*, 2007 WL 2608521, at *8 (N.D. Ill. Sept. 4, 2007) (quoting *Garrett v. RentGrow, Inc.*, 2005 WL 1563162, at *4 (N.D. Ill. July 1, 2005). In *Wilson*, the court denied the defendant's motion to dismiss based upon the defendant's more than two hundred Chicago and northwest Indiana branches. That court could reasonably infer, based on the defendant's large consumer base, that the aggregate consumer base may have been at risk for similar unauthorized transactions like the one that was at issue. *Id.* Here, the Court notes that Capital One, N.A. is a national bank with generated operating earnings of $4.39 billion in 2013. See Capital One, N.A., *2013 Annual Report*, at 5 (Feb. 27, 2014). Defendant's expansive

12

consumer base similarly allows the Court to reasonably infer that a large consumer base may be at risk for similar conduct that has been alleged to qualify as "unfair" under the ICFA. Consequently, Plaintiffs have sufficiently stated a claim under Count VI. While the first factor of the unfairness test has not been alleged, not all three factors need to be met in order to be deemed unfair under the ICFA. See, *e.g.*, *Miner*, 2015 WL 3528242, at *7. The second and third factors have sufficiently been pled.

Finally, the Court must consider Defendan's argument that its alleged conduct was an isolated incident that is not actionable under the ICFA. A minority of jurisdictions have held that the ICFA was intended to protect consumers against fraud and unfair or deceptive acts or practices in the conduct of trade or commerce, and not to create a cause of action based on isolated errors. *Skyline International Development v. Citibank*, 302 Ill. App. 3d 79, 85 (1st Dist. 1998). However, in Illinois, "a plaintiff/consumer may bring a claim under the ICFA based upon a single, isolated injury, and [ ] need not [allege] wide-spread effect on consumers generally." *Birnberg v. Milk St. Residential Associates Ltd. Partnership*, 2003 WL 151929, at *17 (N.D. Ill. Jan. 21, 2003) (quotation marks and citation omitted); see also *ABN AMRO, Inc. v. Capital Intern. Ltd.*, 595 F. Supp. 2d 805, 849 (N.D. Ill. 2008) (citing *Athey Prods. Corp. v. Harris Bank Roselle,* 89 F.3d 430, 436 (7th Cir. 1996)) ("A plaintiff suing under [ICFA] may state a claim based upon a single, isolated injury, and based solely upon the plaintiff's own injury."). Plaintiffs are not required to allege more than a single, isolated injury and need not demonstrate a wide-spread effect on consumers generally. Accordingly, the Court denies Defendant's motion to dismiss Count VI.

**IV.     Conclusion**

For the foregoing reasons, Defendant Capital One, N.A.'s motion to dismiss [16] is granted in part and denied in part. Defendant's motion to dismiss is granted as to Counts II and VII, but denied as to Count VI. Considering Plaintiffs have voluntarily dismissed Counts I, III, and IV, the only claims that remain are Counts V and VI. This case is set for further status on September 21, 2016, at 9:00 a.m to discuss whether Plaintiff seeks to pursue an amended complaint.

.

Date: September 7, 2016

Robert M. Dow, Jr.
United States District Judge